# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

GERALD RODERICK CARROLL-BEY

        Petitioner,

vs.                                CIVIL NO. 10-cv-1040-DRH

JAMES CROSS,

        Defendant.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner, currently incarcerated in Federal Correctional Institution in Greenville, Illinois brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement.

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

According to the instant habeas petition, Petitioner was found guilty on

1

April 8, 1999 to armed bank robbery in violation of 18 U.S.C. § 2113(d) and use of a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c) in the United Stated District Court for the Eastern District of Missouri and was sentenced to life imprisonment as well as 20 years. Petitioner appealed his sentence with the Eighth Circuit Court on March 15, 2000, which upheld Petitioner's conviction. Petitioner then filed a § 2255 motion with the Eastern District of Missouri on March 16, 2001, which was denied. Petitioner's application for a certificate of appealability was denied by the Eighth Circuit Court on May 12, 2003. Petitioner then filed a Writ of Certiorari with the Supreme Court, which was denied on January 12, 2004.

Petitioner filed the instant action December 23, 2010, and filed an amended writ on February 22, 2011, claiming that his sentence is illegal by use of the § 924(c) enhancement. 28 U.S.C. §2244(d)(1) states that a Petitioner has a one year period in which to file a writ of habeas corpus. §2244(d)(1)(A) states that this period shall begin only after Petitioner's post-conviction proceedings have been resolved. In this instance, Petitioner's statute of limitations began to run on January 13, 2004, the day after his Writ to the Supreme Court was denied. Thus, Petitioner had until January 13, 2005 to file his writ of habeas corpus. As it is, Petitioner waited until December 23, 2010, and then February 22, 2011 to file his amended writ, well outside of the applicable statute of limitation.

In summary, because the petition was filed outside the applicable limitation period, Petitioner's action does not survive review under Rule 4.

Accordingly, this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**Dated: February 28, 2011**

Digitally signed by David R. Herndon
2011.02.28 12:17:15 -06'00'

**Chief Judge**
**United States District Court**