# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **GERALD R. CARROLL-BEY, 21533-044** | ) ) ) | |
| Petitioner, | ) ) | Case No. 10-cv-1040-DRH |
| vs. | ) ) | |
| **JAMES CROSS,** | ) ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This matter is before the Court on petitioner's motion for reconsideration (Doc. 10) of the Court's Memorandum and Order dismissing his petition with prejudice (Doc. 8).

Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). "[W]hether a motion filed within [28] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (emphasis in original) (*citing Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006) (clarifying that "the former approach-that, no matter what their substance, all post-

judgment motions filed within [28] days of judgment would be construed as Rule 59(e) motions- no longer applies")). Nevertheless, a motion to reconsider filed more than 28 days after entry of the challenged order, "automatically becomes a Rule 60(b) motion." *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994) (*citing United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992)); *see also, Talano v. N.W. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001).

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was a mistake of law or fact, or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 519 U.S. 1040; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993).

Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. U.S.*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*,

379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b)").

Petitioner's instant motion was filed on March 24, 2011. This motion is challenging an order that is dated February 28, 2011. Because petitioner's motion was filed within 28 days of the date of the challenged order, the Court will consider the order utilizing Rule 59(e), so that the motion may be granted if there was a mistake of law or fact, or newly discovered evidence that could not have been discovered previously. *See Matter of Prince*, 85 F.3d 314 (7th Cir. 1996).

In his writ (Doc. 7), petitioner briefly alleged that his sentence was not constitutional, because he was sentenced for armed bank robbery and received life imprisonment pursuant to 18 U.S.C. §3559(c), and received a 20-year firearm enhancement pursuant to 18 U.S.C. §924(c). Petitioner claimed that this amounted to "illegal double counting" of sentences. The Court dismissed petitioner's writ as time barred (*See* Doc. 8).

In the instant motion, Petitioner asserts that the Court has misinterpreted the law applicable to his claims. Specifically, Petitioner asks the Court to reconsider the applicability of the statute of limitations to his claim, as well as petitioner's expansion of his "double stacking" claim. Upon review of the record, the Court finds that Petitioner makes a persuasive argument for reconsideration.

In his much more detailed motion for reconsideration (Doc. 10), petitioner
3

expands on his "double counting" argument, and explains that he is relying on the holding in *Abbott v. United States*, 131 S. Ct. 18 (2010), which was decided on November 15, 2010. In that case, the Court held that the "except" language in 18 U.S.C. § 924(c) meant that where a defendant is charged with violations of §924(c) as well as violations of another statute that involves conduct prohibited by § 924(c), the sentencing court cannot "stack" sentences for those violations on top of one another.[1]  For example, where a defendant is charged with possession of a gun as well as possession of illegal drugs, the "except" clause of §924(c) is not triggered because the drug charges do not involve conduct mentioned in §924(c). Thus, the sentencing judge would not be in violation of that clause where he "stacks" the minimum sentences for those two charges on top of one another. There is a different result where a defendant is charged with possession of a gun as well as discharging that gun. In this instance, the "except" clause of § 924(c) is triggered, and the sentencing judge may not sentence the defendant to the mandatory minimum for the possession and also to the mandatory minimum for the discharge; that is, the sentencing judge may not "stack" the minimum sentences on top of one another, so as to make a longer sentence.

---

[1]The relevant language in 18 U.S.C. §924(c) reads: "*Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law*, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm . . . ." (emphasis added).

Petitioner argues that, because he was sentenced to life imprisonment for his armed bank robbery conviction, and received a 20-year enhancement under § 924(c) for the use of a gun, that to combine the two sentences amounts to stacking, in violation of the "except "clause discussed in *Abbott,* 131 S. Ct. 18. Had petitioner provided this much detail in either his original or amended petitions, the Court would have been able to better consider petitioner's claims at that time. In any event, petitioner has furnished the information now, and the Court believes the argument may have merit. As a result:

**IT IS HEREBY ORDERED** that respondent shall, within twenty-three (23) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue.

Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that petitioner shall serve upon respondent (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Petitioner shall include

with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on respondent or defense counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**Dated: June 2, 2011**

Digitally signed by
David R. Herndon
Date: 2011.06.02
15:27:23 -05'00'

**Chief Judge**
**United States District Court**