IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GERALD RODERICK CARROLL-BEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil No. 3:10-cv-1040-DRH-DGW |
| ) | |
| JAMES CROSS, ) | |
| ) | |
| Respondent. ) | |

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by Chief United States District Judge David R. Herndon under 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a).  Before the Court is a First Amended Petition for a Writ of Habeas Corpus (Doc. 7) filed by Petitioner, Gerald Roderick Carroll-Bey and a Response (Doc. 15) filed by Respondent, James Cross.  (Docs. 7, 15).  For the reasons stated below, it is **RECOMMENDED** that the First Amended Petition for Writ of Habeas Corpus (Doc. 7) be **DENIED**, that this matter be **DISMISSED WITH PREJUDICE**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Petitioner is currently incarcerated in a Federal Correctional Institution in Greenville, Illinois.  Petitioner brings this habeas corpus petition pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement.

On April 8, 1999, the United States District Court for the Eastern District of Missouri convicted Petitioner of the predicate offense of armed robbery of a federally insured credit union in violation of 18 U.S.C. § 2113(a) and (d) and use of a firearm in connection with a crime of

1

violence in violation of 18 U.S.C. § 924(c)(1).  *United States v. Carroll*, No. 98-cr-351 (E.D.M.O. April 8, 1999).  Petitioner was sentenced to life imprisonment for his role in the credit union robbery, pursuant to 18 U.S.C. § 3559(c).  *United States v. Carroll*, No. 98-cr-351 (E.D.M.O. July 2, 1999).  He was sentenced to an additional twenty years for the use of a firearm in connection with a crime of violence, pursuant to 18 U.S.C. § 924(c), to be served consecutively with the predicate offense.  *Id.*

On March 15, 2000, Petitioner appealed his sentence to the United States Court of Appeals for the Eighth Circuit, which affirmed the conviction and sentence.  *United States v. Carroll*, 207 F.3d 465, 467, 472 (8th Cir. 2000), *cert. denied* 531 U.S. 849 (mem.) (2000).  Petitioner did not challenge his conviction for the use of a firearm in connection with a crime of violence.  *Id.* at 467, 473 n.5.  On March 16, 2001, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 in the United States District Court for the Eastern District of Missouri, and again did not challenge his conviction for use of a firearm in connection with a crime of violence.  *Carroll v. United States*, No. 01-cv-396 (E.D.M.O. Jan. 31, 2003).  This § 2255 Motion was also denied.  *Id.*  On May 12, 2003, Petitioner's application for a certificate of appealability was denied by the Eighth Circuit.  *Carroll v. United States*, No. 03-1434 (8th Cir. 2003), *cert. denied* S. Ct. No. 03-7653 (2004).  On January 12, 2004, Petitioner's Writ of Certiorari filed with the United States Supreme Court was also denied.  *Id.*

On December 23, 2010, Petitioner filed this Petition for Writ of Habeas Corpus.  (Doc. 1).  On February 22, 2011, Petitioner filed an Amended Petition claiming that his sentence is illegal because the Court applied an additional sentence pursuant to 18 U.S.C. § 924(c).  (Doc. 7).  On February 28, 2011, Chief United States District Judge David R. Herndon dismissed the Amended Petition for failure to file within the prescribed statute of limitations under 28 U.S.C.

§ 2244(d)(1). (Doc. 8). On March 24, 2011, Petitioner filed a motion to reconsider dismissal of the amended petition, which was granted by Judge Herndon on June 3, 2011 (Doc. 11).

## CONCLUSIONS OF LAW

Petitioner argues that 28 U.S.C. § 2241 is the proper vehicle to collaterally attack his sentence. He argues that any remedy under § 2255 is inadequate or ineffective to test the legality of his detention. Petitioner further alleges that a change in law, pursuant to *Abbott v. United States*, 131 S. Ct. 18 (2010), provides him with the opportunity to assert a new claim that was previously unavailable to him. He also states that the Supreme Court's decision in *Abbott* renders him actually innocent of the crime of use of a firearm in connection with a violent felony. According to Petitioner, after *Abbott*, his sentence of life imprisonment under 18 U.S.C. § 3559(c) renders the firearm sentence pursuant to 18 U.S.C. § 924(c) inapplicable because of that section's "except" clause.[1] Petitioner is correct that his sentence under § 3559(c) falls within the "except" clause of § 924(c) as it qualifies as an "other provision of law" within that section. *Abbott*, 131 S. Ct. at 30. This does prevent the stacking of his life sentence and twenty year sentence. Nevertheless, Petitioner is procedurally barred from asserting this claim in a § 2241 motion now.

The essential function of habeas corpus is to give a prisoner "a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and

---

[1] The "except" clause upon which Petitioner relies provides:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . . .

18 U.S.C. § 924(c)(1)(A); *United States v. Hudson*, 627 F.3d 309, 311 (7th Cir. 2010).

sentence." *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998). A reasonable opportunity to raise an issue in a: claim on appeal, first § 2255 motion, or second or successive § 2255 motion within the Antiterrorism and Effective Death Penalty Act restrictions, is enough to serve that essential function and satisfy the Constitution. *Id.*

Generally, collateral attacks on the imposition of a sentence, as opposed to the execution of that sentence, must be brought by a federal prisoner under § 2255. 28 U.S.C. § 2255; *Carnine v. United States*, 974 F.2d 924, 927 (7th Cir. 1992); *see Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Federal prisoners may utilize § 2241, however, to challenge the legality of a conviction or sentence in cases pursuant to the "savings clause" of § 2255(e). 28 U.S.C. § 2255(e). The savings clause allows federal prisoners to bring a claim under § 2241, where they can show that a remedy under § 2255 is inadequate or ineffective to test the legality of the detention. *Id.*; *see United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir. 2002). A remedy under § 2255 is inadequate or ineffective when "a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence." *Brown v. Rios*, 696 F.3d 638, 641 (7th Cir. 2012); *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012); *Davenport*, 147 F.3d at 611–12.

In this case, Petitioner is procedurally barred from collaterally attacking the imposition of his sentence because the savings clause is inapplicable to his claim. Petitioner had a procedural opportunity to raise his current argument in his prior direct appeal and § 2255 motion because *Abbott* did not establish a change in the law; rather, it confirmed existing Eighth and Seventh Circuit precedents. Additionally, Petitioner cannot establish a claim of actual innocence because his claim equates to a mere sentencing error. For these reasons, Petitioner's effort does not fit within the savings clause of § 2255.

## I. Petitioner had an Opportunity to Raise his Claim Previously

Petitioner was not foreclosed from bringing the instant claim in his initial direct appeal or § 2255 motion. To avail himself of the savings clause under § 2255(e), Petitioner must first show that he had no reasonable opportunity to assert a claim of a fundamental defect in conviction or sentence because of a subsequent change in the law. *Hill*, 695 F.3d at 648; *Davenport*, 147 F.3d at 611–12. "Two rounds of judicial review are sufficient in all but the extraordinary situation. Trial, sentencing, and direct appeal are the first round; an initial collateral attack under § 2255 is the second." *Taylor v. Gilkey*, 314 F.3d 832, 836 (7th Cir. 2002).

Petitioner argues that *Abbott* establishes a retroactively applicable change in the law that was previously unavailable. Petitioner asserts that the Supreme Court's opinion in *Abbott* establishes a new rule of law with respect to the application of the "except" clause in § 924(c). He believes that the Supreme Court's ruling creates a new rule of law requiring the inclusion of § 3559(c) as a part of the "any other provision of law" clause of § 924(c).

In 1998, Congress amended the text of 18 U.S.C. § 924(c)(1) to its present iteration. *United States v. Alaniz*, 235 F.3d 386, 387–88 (8th Cir. 2000). Under the statute, any person who uses a weapon during the commission of a crime of violence or drug trafficking crime will receive an enhanced punishment unless a greater minimum sentence is otherwise provided by the subsection itself or "any other provision of law." 18 U.S.C. § 924(c)(1).

The Eighth Circuit explained the application of this statute in *United States v. Alaniz*, 235 F.3d 386, 389 (8th Cir. 2000). In *Alaniz*, the defendant received a ten-year sentence for a predicate drug trafficking offense under 21 U.S.C. § 841(b)(1)(A) and received an enhanced sentence of five years for use of a firearm in connection with the predicate offense under § 924(c)(1)(A). *Id.* at 386. The district court declined to apply the enhancement believing that it

5

was subsumed by the predicate offense. *Id.* The district court reasoned that the greater minimum sentence of the predicate offense (ten-years) negated the lesser minimum enhancement under § 924(c) (five-years). *Id.* In other words, the district court believed that the predicate offense fell within the "any other provision of law" portion of § 924(c), which would prevent the additional consecutive sentence. *Id.* The Eighth Circuit reversed the judgment of the district court. *Id.* The Eighth Circuit held that "§ 924(c)(1)(A)'s 'greater minimum sentence' clause refers only to the firearm-related conduct proscribed either by § 924(c)(1) or 'by any other provision of law.'" *Id.* at 389. The Eighth Circuit clarified that a predicate drug trafficking offense does not fall within the § 924(c) reference to "any other provision of law." *Id.* Similarly, the Seventh Circuit in *Easter*, relying on *Alaniz*, also held that "'any other provision of law' refers only to 'another penalty provision elsewhere in the United States Code [that] requires a higher minimum sentence for [the] § 924(c)(1) offense.'" *United States v. Easter*, 553 F.3d 519, 524–27 (7th Cir. 2009) (per curiam) (citing *United States v. Alaniz*, 235 F.3d 386, 389 (8th Cir. 2000)).

Subsequent to *Alaniz* and *Easter*, the Supreme Court rendered its opinion in *Abbott*. Although the Supreme Court did resolve a dispute amongst the circuit courts of appeals, in so doing, it merely confirmed established precedent from the Eighth and Seventh Circuits. In *Abbott*, the Supreme Court held that the "any other provision of law clause" merely "furnishes the same no-stacking instruction for cases in which § 924(c) and a different statute [such as 18 U.S.C. § 3559(c)] both punish conduct offending § 924(c)." *Abbott v. United States*, 131 S. Ct. 18, 30–31 (2010). The Supreme Court noted that § 3559(c) is one of the "other provisions of law." The Court reasoned that,

> Congress likely anticipated such cases when the 'except' clause was framed in 1998, for the bill that reformulated the text of § 924(c) did just one thing more: It

6

>amended 18 U.S.C. § 3559(c) to command a life sentence when certain repeat felons are convicted of 'firearms possession' (as described in § 924(c)).

*Id.* (citing Pub. L. 105-386, § 1(b), 112 Stat. 3470).

Petitioner's argument, to put it simply, is that his sentence under § 3559(c) falls within the "other provision of law clause" of § 924(c), which would prohibit the stacking of his § 3559(c) sentence (life) with the § 924(c) sentence (twenty-years). Although Petitioner is correct about the imposition of the sentence, his argument fails overall because it was available to him upon amendment of the § 924(c) statute in 1998, which was before the holdings in *Alaniz* and *Abbott*. Upon codification of the § 924(c) amendment it was clear that other provisions of law included statutes outside of § 924(c). *Abbott*, 131 S. Ct. at 30–31. That was merely clarified in the subsequent court rulings from *Alaniz* and later *Abbott*. *Id.*; *United States v. Alaniz*, 235 F.3d 386, 389 (8th Cir. 2000). As early as his first direct appeal in 2000, nothing prevented Petitioner from arguing that his sentence under § 3559(c) fell within the "any other provision of law clause" in § 924(c). In that direct appeal, Petitioner did not attempt to challenge his conviction for the use of the firearm in connection with a crime of violence. Additionally, he did not raise the argument that his sentence under § 3559(c) qualifies as another provision of law under § 924(c). That the Supreme Court points out this specific statute in *Abbott* does not transform this clarification into a retroactively applicable change in the law. Because Petitioner had an opportunity to raise this claim previously, and offers no excuse why he did not, and because *Abbott* did not result in a change in the law (as applied to Petitioner), he is foreclosed from raising this claim in a § 2241 Petition now.

### II. Petitioner Cannot Establish a Claim of Actual Innocence

Even assuming that Petitioner had no opportunity to assert his claim previously, he still cannot substantiate a claim of actual innocence. To gain a review on the merits of his § 2241

petition, Petitioner's legal theory cannot merely attack the length of his sentence, but must demonstrate that he is actually innocent of the crime for which he pleaded guilty. *See Brown v. Rios*, 696 F.3d 638, 641 (7th Cir. 2012); *Unthank v. Jett*, 549 F.3d 534, 535-36 (7th Cir. 2008).

Petitioner contends that his claim, although a sentencing error, still equates to one of actual innocence. (Doc. 7). He argues that the prohibition on the stacking of his sentences renders him actually innocent of the crimes under which he was convicted. This is not a case where the petitioner is innocent of the crime of which he has been convicted; rather, this is a case that involves a mere sentencing error. The only issue in Petitioner's case would be to determine whether he should have received either: (1) only a life sentence or (2) a life sentence to run consecutively with a twenty-year sentence under § 924(c). The Supreme Court noted in *Abbott* that because "§ 3559(c) already imposes a life sentence, a defendant would find little comfort in knowing that no § 924(c) sentence, say five years or seven . . . " or twenty years in Petitioner's case, "will be tacked on to his § 3559(c) life term." *Abbott*, 131 S. Ct. at 30–31.

Petitioner's claim addresses this exact point, in that he seeks a remedy for a purported sentencing error that would prevent the tacking of a § 924(c) sentence (twenty-years) to his § 3559(c) life sentence. Thus, Petitioner's claim amounts to a mere sentencing error and he is not actually innocent of the crime.

## CONCLUSION

In this case, Petitioner had a procedural opportunity to raise his claim in his prior direct appeal or § 2255 motion. *Abbott* did not establish a change in the law in the Eighth or Seventh Circuits. *Abbott* merely confirmed what was previously applicable in the Eighth and Seventh Circuits. *Id.* Moreover, Petitioner cannot establish a claim of actual innocence because his alleged sentencing error does not rise to the level of a fundamental error equivalent to actual innocence. For these reasons, Petitioner's effort does not fit within the savings clause of § 2255.

The savings clause does not exist to free a prisoner of the effects of his failure to raise an available claim earlier. *In re Davenport*, 147 F.3d 605, 609 (7th Cir.1998).

Finally, it is noted, that Respondent requests the Court, pursuant to 28 U.S.C. § 1631, to convert Petitioner's § 2241 petition to a § 2255 petition and transfer the case to the Eighth Circuit. The Seventh Circuit discourages the "batt[ing] back and forth [of claims] between two circuits . . . [as] an untenable and unseemly waste of judicial resources." *United States v. Wyatt*, 672 F.3d at 524 (7th Cir. 2012). "[A] § 2241 petition shouldn't be recharacterized as a § 2255 motion because courts must respect a litigant's decision to invoke a certain statute and must resolve the case under that law." *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009). Respondent's request should be **DENIED**.

For the foregoing reasons, it is **RECOMMENDED** that the First Amended Petition for Writ of Habeas Corpus (Doc. 7) be **DENIED**, that this matter be **DISMISSED WITH PREJUDICE**, and that the Court adopt the foregoing findings of fact and conclusions of law.

DATED:  February 13, 2013

**DONALD G. WILKERSON**
**United States Magistrate Judge**

9