IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**GERALD RODERICK CAROLL-BEY**,

Petitioner,

v.                                                           No. 10-01040-DRH

**JAMES CROSS,**

Respondent.

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### Introduction and Background

Pending before the Court is a Report and Recommendation ("the Report") issued by Magistrate Judge Donald G. Wilkerson (Doc. 22). The Report recommends that the Court deny petitioner's first amended petition for writ of habeas corpus and dismiss with prejudice this cause of action. Petitioner filed objections to the Report (Doc. 25). Based on the following, the Court **ADOPTS** the Report in its entirety. Further, the Court denies petitioner's motion to appoint counsel and for evidentiary hearing.

On December 23, 2010, Gerald Roderick Carroll-Bey, currently incarcerated in Federal Correctional Institution in Greenville, Illinois, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement (Doc. 1). Thereafter, petitioner filed an amended writ on February 22, 2011 claiming that his sentence is illegal by the use of the § 924(c)

enhancement. Specifically, petitioner argues that, because he was sentenced to life imprisonment for his armed bank robbery conviction and received a 20-year enhancement under § 924(c) for the use of a gun, that to combine the two sentences amounts to stacking, in violation of the "except" clause discussed in *Abbott v. United States*, 131 S.Ct. 18 (2010).

Petitioner was found guilty on April 8, 1999 of armed bank robbery in violation of 18 U.S.C. § 2113(d) and of the use of a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c) in the United States District Court for the Eastern District of Missouri. On July 2, 1999, he was sentenced to life imprisonment for the armed bank robbery because he was a habitual offender pursuant to 18 U.S.S.C. § 3559(c) and 20 years on the gun charge to run consecutively to the life sentence. Petitioner appealed his conviction and sentence only for the armed robbery to the Eight Circuit Court of Appeals on March 15, 2000. *United States v. Carroll*, 207 F.3d 465 8th Cir. 2000). He did not appeal his sentence for the use of the gun. The Eighth Circuit affirmed his sentence and conviction. Thereafter, petitioner filed a petition pursuant 28 U.S.C. § 2255 in the Eastern District of Missouri. *Carroll v. United States*, 01CV396.[1] The district

---

[1] According to petitioner, he raised the following issues in his § 2255 petition: (1) failure to establish removal jurisdiction under 28 U.S.C. § 1446; (2) whether involuntary statement was admitted in violation of *Miranda v. Arizona*. And whether counsel was ineffective for failing to raise *Miranda* violation, at trial and on appeal; (3) whether counsel was ineffective for failure to request hearing on the voluntariness of inculpatory [sic] statement in light of *Miranda v. Arizona*, and *Jackson v. Denno*; (4) ineffective assistance of counsel for failing to advise his client on the right to testify during suppression hearing on *Miranda* issue; (5) ineffective assistance of counsel for "stipulating" to jurisdictional –element of (FDIC) insurance of financial institution; (6) appellate counsel ineffective for failure to appeal denial of motion for judgment of acquittal; (7) failure to appeal motion for dismissal of indictment; (8) prosecutorial misconduct during closing arguments; (9) ineffective appellate counsel for failure to appeal the directed verdict jury instruction after a proper objection; (10) ineffective assistance of counsel during

court dismissed the § 2255 petition and the Eighth Circuit affirmed that decision. *Carroll v. United States*, No. 03-1434 (8th Cir. 2003), *cert. denied* S.Ct. No-03-7653 (2004).

On February 13, 2013, Judge Wilkerson issued the Report finding that petitioner had a procedural opportunity to raise this claim in either his direct appeal or his § 2255 petition as *Abbott* did not establish a change of law in the Eighth Circuit or the Seventh Circuit in that it merely confirmed what the law was in those Circuits. Further, the Report found that petitioner cannot establish a claim of actual innocence because the alleged sentencing error does not rise to the level of a fundamental error equivalent to actual innocence. Thereafter, petitioner filed objections to the Report (Doc. 25). He argues that he did raise the sentence enhancement in his § 2255 petition and that *Abbott* renders him actually innocent of the 20 year enhancement. Since timely objections have been filed, this Court must undertake *de novo* review of the Report. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); Southern District of Illinois Local Rule 73.1(b); *Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may "accept, reject or modify the

---

sentencing hearing; and (11) ineffective counsel for failure to file motion for arrest of judgment, when insurance element not proved to the jury or the court for federal prosecution. Further, the following issues are what he raised in his Rule 60(b)(6) motion as to his § 2255 petition: (1) The habeas court failed to address movant's *Miranda/Dickerson* issues as required under an intervening rule of law applicable to cases on direct appeal. Which goes to the integrity of the court's judgment. Also, while the habeas petition was pending in the habeas court the Eighth Circuit decided *Bracken v. Dormine*, 247 F.3d 699 (2001) but failed to consider this rule in the habeas judgment as it relates to the Miranda violation, presented in the § 2255 motion; (2) the habeas court denied petitioner "due process" because the habeas court failed to conduct an evidentiary hearing to determine the applicability of the new rule of *Dickerson v. United States*, 530 U.S. 428 (2000) to the factual issues presented in the habeas petition; (3) the habeas court failed to apply the rule of *Simmons v. United States* 390 U.S. 377, 394 (1968) holding: defendant(s) testimony necessary to establish standing during suppression hearing and right to testify during suppression hearing without cross examination on prior criminal history or use at trial and (4) requesting habeas court to give reasons for denial of certificate of appealability as required by Federal Rules of Appellate Procedure Rule 22(b), and 28 U.S.C. § 2253(c).

recommended decision." *Willis v. Caterpillar Inc.*, 199 F.3d 902, 904 (7th Cir. 1999). In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues to which specific objection has been made. *Id.* Further, the Court sees no reason to hold an evidentiary hearing on the issues petitioner raises and does not find that an attorney will aid in the issues before the Court.

## Analysis

Generally, applications for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir.1998). An inmate under sentence of a federal court may properly challenge his conviction and sentence by filing a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, in the court which imposed the sentence. The statute limits an inmate to one challenge of his conviction and sentence under § 2255. An inmate may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

For prisoners who are unable to meet the burden of bringing forth either newly discovered evidence or a new rule of constitutional law made retroactive by the Supreme Court, section 2255 contains a "savings clause" which may allow for challenge of a conviction or sentence under 28 U.S.C. § 2241 if it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See United States v. Prevatte,* 300 F.3d 792, 798–99 (7th Cir.2002). "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport,* 147 F.3d 605, 611 (7th Cir.1998). In other words, § 2255 is inadequate or ineffective when "a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence." *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir.2002). In *Davenport,* the Seventh Circuit held that a federal prisoner may seek habeas corpus under § 2241 where he has "no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." 147 F.3d at 611. The court added three qualifications to the *Davenport* rule: first, the change in law must have been made retroactive by the Supreme Court; second, the change in law must "elude the permission in section 2255 for successive motions; and third, the change in law must not be based upon differing interpretations between the circuit of conviction and the circuit of incarceration. *Id.* at 611–12.

In 1998, Congress amended the text of 18 U.S.C. § 924(c)(1) to its present state. The relevant language in 18 U.S.C. § 924(c) reads: "*Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law*, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm …." (emphasis added).

The Eighth Circuit discussed this statute in *United States v. Alaniz*, 235 F.3d 386, 389 (8th Cir. 2000). The Eighth Circuit held that "§ 924(c)(1)(A)'s 'greater minimum sentence' clause refers only to the firearm-related conduct proscribed either by § 924(c)(1) or 'by any other provision of law.'" *Id*. at 389. The Eighth Circuit found that a predicate drug trafficking offense does not fall within the § 924(c) reference to "any other provision of law." *Id*. Likewise, the Seventh Circuit held that "'any other provision of law' refers only to 'another penalty provision elsewhere in the United States Code [that] requires a higher minimum sentence for [the] § 924(c)(1) offense.'" *United States v. Easter*, 553 F.3d 519, 524-27 (7th Cir. 2009)(per curiam)(citing *Alaniz*, 235 F.3d at 389).

In *Abbott v. United States*, 131 S.Ct. 18 (2010), the Supreme Court held that the "except" language in 18 U.S.C. § 924(c) meant that where a defendant is charged with violations of § 924(c) as well as violations of another statute that

involves conduct prohibited by § 924(c), the sentencing court cannot "stack" sentences for those violations on top of another. The Supreme Court held that the "any other provision of law clause" merely "furnishes the same no-stacking instruction for cases in which § 924(c) and a different statute [such as 18 U.S.C. § 3359(c)] both punish conduct offending § 924(c)." *Abbott*, 131 S.Ct. at 30-31. Upon codification of the § 924(c) amendment it was clear that the other provisions of law included statutes outside of § 924(c). *Id*. This was clarified in the Court rulings in *Alaniz* and *Abbott*. *Alaniz*, 235 F.3d at 389; *Abbott*, 131 S.Ct 30-31.

Here, petitioner did not raise this issue on his first direct appeal in 2000 and petitioner admits that he did not. Furthermore, petitioner did not raise this issue in his § 2255 petition despite his assertions that he did. A review of the § 2255 proceeding indicates that petitioner raised an issue as to his gun charge based on *Castillo v. United States*, 530 U.S. 120 (2000). The district court found: "Movant's argument based on Castillo v. United States, 530 U.S. 120 (2000) is without merit. The enhancement to petitioner's sentence was based on the recidivism portion of 18 U.S.C. § 924(c)(1), which the Supreme Court has expressly indicated does not constitute an issue which must be pled and tried to the jury on the reasonable doubt standard. Apprendi v. New Jersey, 530 U.S. 466, 490 (2000); Castillo, 530 U.S. at 126." *Carroll v. United States*, 01CV396-DJS, (E.D. MO, 1/31/03). As the Report found, the Court concludes that petitioner had an opportunity to raise this claim and did not and because *Abbott* did not result in a change of law as applied to petitioner, he is foreclosed on raising it in a § 2241.

Assuming *arguendo* that petitioner is not foreclosed from bringing this claim in a § 2244 petition, the Court agrees with the Report that he cannot substantiate a claim of actual innocence. Petitioner maintains that the stacking of the sentences renders him actually innocent of the 20 year sentenced as imposed. However, this is not a case where petitioner is innocent of the crime of which he was convicted. He was convicted of the use of a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c). Thus, the issue in this case would be to determine whether he should have received only a life sentence or a life sentence to run consecutively with a 20 year sentence for the gun charge. The Supreme Court notes in *Abbott* that because "§ 3559(c) already imposes a life sentence, a defendant would find little comfort in knowing that no § 924(c) sentence, say five years or seven …" or twenty years in this case, "will be tacked on to his 3559(c) life term." *Abbott*, 131 S.Ct. at 30-31. Clearly, petitioner's claim amounts to a sentencing error and his not actually innocent of the crime of the use of a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c). Thus, petitioner's claim does not fit within the savings clause of § 2255.

## Conclusion

Accordingly, the Court **ADOPTS** the Report in its entirety (Doc. 22). The Court **DENIES** Carroll-Bey's first amended petition for writ of habeas corpus and **DISMISSES with prejudice** his first amended petition for writ of habeas corpus. Further, the Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the

same.

**IT IS SO ORDERED.**

Signed this 5th day of August, 2013.

David R. Herndon
2013.08.05
16:25:10 -05'00'

**Chief Judge
United States District Court**