IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**GERALD RODERICK CARROLL-BEY**,

Petitioner,

v.                                                                    No. 10-01040-DRH

**JAMES CROSS,**

Respondent.

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Now before the Court is Carroll-Bey's motion for reconsideration of civil judgment (Doc. 31). Specifically, Carroll-Bey moves the Court to reconsider its August 5, 2013 Order and Judgment denying and dismissing with prejudice his habeas corpus petition pursuant to 28 U.S.C. § 2241. Carroll-Bey argues that *McQuiggin v.* Perkins, 133 S.Ct. 1924 (2013), "announced a new rule for entertaining claims of 'Actual Innocence.'" Respondent filed a response to the motion (Doc. 32) and Carroll-Bey filed a reply (Doc. 33). Based on the following, the Court denies the motion.

There are two ways in which a Court may analyze a motion filed after judgment has been entered either under Rule 59(e) or under Rule 60(b) of the Federal Rules of Civil Procedure. Where a substantive motion is filed within twenty-eight days of entry of judgment or order, the Court will generally construe it as a motion pursuant to Rule 59(e); later motions will be construed as pursuant to

Rule 60(b). *Mares v. Busby,* 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 301 (7th Cir. 1992). Although both Rules 59(e) and 60(b) have similar goals of erasing the finality of a judgment and permitting further proceedings, Rule 59(e) generally requires a lower threshold of proof than does Rule 60(b). *See Helm v. Resolution Trust Corp.,* 43 F.3d 1163, 1166 (7th Cir. 1995); *see also Ball v. City of Chicago,* 2 F.3d 752, 760 (7th Cir. 1993) (distinguishing the "exacting standard" of Rule 60(b) from the "more liberal standard" of Rule 59(e)). Instead of the exceptional circumstances required to prevail under Rule 60(b), Rule 59(e) requires that the moving party clearly establish a manifest error of law or an intervening change in the controlling law or present newly discovered evidence. *See Cosgrove v. Bartolotta,* 150 F.3d 729, 732 (7th Cir. 1998). However, where "the only arguable basis for relief presented in the motion ... is 'excusable neglect,'" the court should apply the standards governing a motion under Rule 60(b). *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir. 2006).

After reviewing the record again, the Court finds that Carroll-Bey neither presented newly discovered evidence nor identified a manifest error of law or fact. His motion merely takes umbrage with the Court's previous ruling. He does not present an argument that compels this Court to re-open this action. On May 28, 2013, the Supreme Court issued its opinion in *McQuiggin*. The Supreme Court held, "that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in

*Schlup* and *House*, or, as in this case, expiration of the statute of limitations." *McQuiggin*, 133 S.Ct. at 1928. *McQuiggin* does not change the result in this case. In rendering this Order and the Order denying and dismissing with prejudice Carroll-Bey's habeas corpus petition, the Court examined the evidence, affidavits and case law submitted by the parties and the Court remains convinced of the correctness of its position. For all the reasons stated in this Court's Order adopting the Magistrate Judge's Report and Recommendation, Carroll-Bey has not demonstrated that Section 2255 is, "inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255(e), nor has he demonstrated a non-frivolous claim of actual innocence. Carroll-Bey has not presented a reason that would move this Court to re-open his case.

Accordingly, the Court **DENIES** Carroll-Bey's motion for reconsideration (Doc. 31).

**IT IS SO ORDERED.**

Signed this 5th day of November, 2013.

David R. Herndon
2013.11.05
05:50:04
-06'00'

**Chief Judge**
**United States District Court**